R. RANDALL HARRISON, OSBA #794794
randy@ladenburglaw.com
LADENBURG LAW, PLLC
1019 Pacific Ave Ste 1116
Tacoma WA 98402
Ph: 253-272-5226
Fx: 253-295-2326
Attorney for Plaintiff

FILED 6 OCT '11 14:46USDC-ORP

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>J & W LLC, an Oregon Limited Liability Company; THE AMBASSADOR, INC., an Oregon Corporation; SP1 LLC, an Oregon Limited Liability Company; DEWAR, LLC, an Oregon Limited Liability Company; CHOPSTICKS RESTAURANT, INC., an Oregon Corporation; SAN HWA ENTERPRISES, INC., an Oregon Corporation; T 88 INC., an Oregon Corporation; ORFAL'S INC., an Oregon Corporation; MOBILE DJ KARAOKE LLC, an Oregon Limited Liability Company; JARED RITZER, STEPHAN AND SUZANNE KMETOVA, JASON TAYLOR, MIKE KUNZE, LADD HILL MUZIK LLC, an Oregon Limited Liability Company; DOUGLAS AND CLARICE WYMAN, JIMMY LUND, ANTHONY STARKWEATHER, JODY GRAEN, JAMES ADAMS, OSCAR COLORES, MIGUEL TAPIA, KEVIN AND KIM KELLER, MITCH BROWN, BOBBY BROWN, DANNY CHAVEZ, ERIC AND ROXANNE KLINGLER, MARTIN SIMPSON,<br><br>Defendants. | No. **CV '11 - 1205 - SI**<br><br>COMPLAINT FOR VIOLATION OF TRADEMARK INFRINGEMENT AND VIOLATION OF UNLAWFUL TRADE PRACTICES ACT |

COMPLAINT – Page 1

#43162

**LADENBURG LAW, PLLC**
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

The Plaintiff, Slep-Tone Entertainment Corporation ("Slep-Tone"), by and through its attorneys, alleges as follows:

## INTRODUCTION

Slep-Tone is the manufacturer and distributor of karaoke accompaniment tracks sold under the name "Sound Choice." Slep-Tone was founded 25 years ago by Kurt and Derek Slep, two brothers with a vision to nurture the development of karaoke in America as a participatory entertainment phenomenon. During that time, Sound Choice came to be recognized as one of the leading producers of high-quality karaoke accompaniment tracks. The company invested over $18 million to re-record and replicate the authentic sound of popular music across different eras and genres of music.

The Sleps' dedication to producing music of the highest quality and the most authentic character led its music to become the staple of almost every karaoke show in the country. As karaoke grew in popularity, Sound Choice became the brand that nearly every karaoke fan wanted to sing and that nearly every karaoke jockey ("KJ") wanted in his or her library.

KJs play karaoke songs using compact discs containing files written in one of two special encoded formats, either "CD+G" ("compact disc plus graphics") or "MP3G" ("MP3[1] plus graphics"), in which the disc contains the music and the lyrics, which will display on a screen. In recent years, computer technology, cheap file memory devices, and the internet have made it possible for karaoke discs to be decoded and "ripped" (copied) to a user's hard

---

[1] MP3 is an acronym standing for "Moving Picture Experts Group Audio Layer 3." MP3G is a far newer format than CD+G and is significantly more portable than CD+G. The Plaintiff has only recently begun distributing its karaoke tracks in this format, and only under tight contractual controls that require user registration and audits, confine possession to professional karaoke operators, include serialization of licensed discs, and prohibit file sharing under pain of forfeiture of license rights.

COMPLAINT -- Page 2

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

drive and easily copied and distributed between KJs. This technology has proven irresistible to KJs, many of whom have used this opportunity to copy one purchased disc to several different computer based systems, copy a singer's personal discs if they use them during a show, "swap" song files among each other, download them from illegal file-sharing sites and build libraries of tens of thousands of karaoke songs without paying for them. Whereas in the past a KJ would buy multiple copies of an original disc if he or she desired to operate multiple systems, now they simply "clone" their songs for multiple commercial systems or even their entire karaoke song libraries to start a new operation. Additionally, many KJs or operators starting in the business simply buy computer drives pre-loaded with thousands of illegally copied songs.

These practices have become so widespread that Slep-Tone has been driven nearly out of business. At its peak, the Sound Choice family of companies employed 75 individuals and produced as many as 5 new karaoke discs per month. Today, the enterprise employs only 8 individuals. Sound Choice Studios which was responsible for production of new material, was driven out of business and the assets sold to ex-employees because the companies lost money on every recent new karaoke disc. The most recent new disc did not produce enough revenue even to cover the production and licensing costs associated with it—yet the songs from that disc can be found on as many as 30,000 karaoke systems around the United States. Because its primary purpose was to record new music for Karaoke and it could no longer profitably produce new music, it was shut down. In the future Sound Choice will have to subcontract to the ex-employees if/when it is are able to profitably release new titles again.

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

For KJs, karaoke is a commercial enterprise. KJs who legitimately acquired all of their music at great cost are being forced by illicit competition to produce shows for lower and lower fees. Illegitimate competitors offer libraries of tens of thousands of songs, which would have cost $50,000 to $100,000 or more to acquire legitimately, but produce shows for one-third the rates a legitimate KJ can offer. The result is significant financial pressure on once-legitimate KJs to skirt or ignore the law and become pirates, simply to stay in business. Slep-Tone has been forced to undertake this litigation in order to ensure that it survives and continues to produce the high-quality karaoke music its fans demand and to level the playing field for the legitimate KJs.

## JURISDICTION AND VENUE

1. This is an action for trademark infringement and unfair competition arising under §§ 32 and 43 of the Trademark Act of 1946, 15 U.S.C. §§ 1114 and 1125. This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States.

2. This Court further has jurisdiction pursuant to 28 U.S.C § 1338(a), in that this civil action arises under an Act of Congress relating to trademarks, and, as to the Plaintiff's Lanham Act unfair competition claim, pursuant to 28 U.S.C. § 1338(b), in that the claim is joined with a substantial and related claim under the trademark laws of the United States.

3. This Court has supplemental jurisdiction over the subject matter of the Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a), in that those claims are so related to the Plaintiff's federal claims that they form part of the same case or controversy.

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because all of the defendants reside in this State and at least one of the defendants resides in this judicial district, and venue is proper in the Portland Division because a substantial part of the events or omissions giving rise to the claim occurred within this division.

## THE PLAINTIFF

5.  Plaintiff SLEP-TONE is a North Carolina corporation having its principal place of business at 14100 South Lakes Drive, Charlotte, North Carolina.

## THE DEFENDANTS

6.  Defendant J & W LLC is an Oregon Limited Liability Company having its principal place of business in Portland, Oregon. Defendant J & W LLC operates an eating and drinking establishment known as "The Boiler Room" at which karaoke entertainment is provided.

7.  Defendant THE AMBASSADOR, INC., is an Oregon corporation having its principal place of business in Portland, Oregon. Defendant THE AMBASSADOR, INC., operates an eating and drinking establishment known as "Ambassador Restaurant & Lounge" at which karaoke entertainment is provided.

8.  Defendant SP1 LLC is an Oregon Limited Liability Company having its principal place of business in Beaverton, Oregon. Defendant SP1 LLC operates an eating and drinking establishment known as "The Sports Page" at which karaoke entertainment is provided.

9.  Defendant DEWAR, LLC is an Oregon Limited Liability Company having its principal place of business in Salem, Oregon. Defendant DEWAR, LLC operates an

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

eating and drinking establishment known as "Shooters Café and Saloon" at which karaoke entertainment is provided.

10. Defendant CHOPSTICKS RESTAURANT, INC., is an Oregon corporation having its principal place of business in Portland, Oregon.  Defendant CHOPSTICKS RESTAURANT, INC., operates an eating and drinking establishment known as "Chopsticks II" at which karaoke entertainment is provided.

11. Defendant SAN HWA ENTERPRISES, INC., is an Oregon corporation having its principal place of business in Portland, Oregon.  Defendant SAN HWA ENTERPRISES, INC., operates an eating and drinking establishment known as "Chinese Garden Restaurant & Lounge" at which karaoke entertainment is provided.

12. Defendant T 88 INC., is an Oregon corporation having its principal place of business in Portland, Oregon.  Defendant T 88 INC., operates an eating and drinking establishment known as "KC's Sports Bar & Grill" at which karaoke entertainment is provided.

13. Defendant ORFAL'S INC., is an Oregon corporation having its principal place of business in Salem, Oregon.  Defendant ORFAL'S INC., operates an eating and drinking establishment known as "Iggy's Bar & Grill" at which karaoke entertainment is provided.

14. Defendant MOBILE DJ KARAOKE, LLC is an Oregon Limited Liability Company having its principal place of business in Springfield, Oregon.  Defendant JARED RITZER is an individual who has his principal business address in Eugene, Oregon. Defendants MOBILE DJ KARAOKE, LLC and JARED RITZER are engaged in the business of providing karaoke entertainment and do business as "Caught-in-the-Act

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

Productions" and "Caught-in-the-Act Karaoke", and they conduct their business activities at "The O Bar & Grill," "Black Forest," "Whiskey River," "Docs Pad," "Tommy's," "Mohawk Lounge," "Cornucopia," "Black Forest," "Pour House," "Village Green," "The Cooler," "Old Pad," "Speakeasy," "The Keg," "Red Lion," "The Spare Room," "Quackers," "Side Bar," "Duck Inn" and "Spirits" and upon information and belief, at other multiple venues in this State.

15. Defendants STEPHAN AND SUZANNE KMETOVA, upon information and belief, are a married couple and who do business as "Sailing on Productions" and have their principal place of business in Portland, Oregon. Defendant STEPHAN KMETOVA is also known as "Rocky Rhodes". Defendants STEPHAN AND SUZANNE KMETOVA are residents of the State of Washington. Defendants STEPHAN AND SUZANNE KMETOVA are engaged in the business of providing karaoke entertainment, and they conduct their business activities in Oregon at "Silverado," "Scandals Lounge & Restaurant, "Casey's Nightclub and Lounge," "The Local Lounge," and "The Embers" and upon information and belief, at other multiple venues in this State.

16. Defendant JASON TAYLOR is an individual who does business as "Karaoke Express" and "Karaoke Express DJ & KJ Entertainment" and who has his principal business address in Tualatin, Oregon. Defendant JASON TAYLOR is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "Lumpy's Tavern" and upon information and belief, at other multiple venues in this State.

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

17. Defendant MIKE KUNZE is an individual who does business as "Ham It Up Karaoke" who has his principal business address in Portland, Oregon. Defendant MIKE KUNZE is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "Boss Hawg's Bar & Grill," "Hollywood Bowl," "McGillacuddy's," and "The Farmhouse" and upon information and belief, at other multiple venues in this State.

18. Defendant LADD HILL MUZIK, LLC is an Oregon Limited Liability Company having its principal place of business in Sherwood, Oregon.  Defendant DOUGLAS AND CLARICE WYMAN, upon information and belief, are a married couple and who have their principal business address in Sherwood, Oregon.  Defendants LADD HILL MUZIK, LLC and DOUGLAS AND CLARICE WYMAN are engaged in the business of providing karaoke entertainment and do business as "Ladd Hill Muzik," "Ladd Hill Entertainment," and "Ladd Hill Entertainment LLC."  They conduct their karaoke business activities at "Underground Sports Bar" and "Timber Pub & Grub" and upon information and belief, at other multiple venues in this State.

19. Defendant JIMMY LUND is an individual who is also known as "Karaoke Dude" and who has his principal business address in Portland, Oregon. Defendant JIMMY LUND is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "Illusions Bar & Grill" and upon information and belief, at other multiple venues in this State.

20. Defendant ANTHONY STARKWEATHER is an individual who does business as "Elite Entertainment" and who has his principal business address in Silverton, Oregon and/or Woodburn, Oregon. Defendant ANTHONY STARKWEATHER is engaged in

COMPLAINT – Page 8

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

the business of providing karaoke entertainment, and he conducts his business activities at "Mac's Place" and "Nobles Tavern" and upon information and belief, at other multiple venues in this State.

21. Defendant JODY GRAEN is an individual who does business as "Jody's Karaoke" and who has his principal business address in Dallas, Oregon. Defendant JODY GRAEN is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "Hollywood Tavern" and upon information and belief, at other multiple venues in this State.

22. Defendant JAMES ADAMS is an individual who is also known as "DJ L-ectric" and who does business as "Black Boxx Productions" and who has his principal business address in Stayton, Oregon. Defendant JAMES ADAMS is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "Rumours Restaraunt" and upon information and belief, at other multiple venues in this State.

23. Defendant OSCAR COLORES is an individual who is also known as "DJ OC" and does business as "Jonido OC Las Mas Alterados" and who has his principal business address in Woodburn, Oregon. Defendant OSCAR COLORES is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "Rumors Bar & Grill" and upon information and belief, at other multiple venues in this State.

24. Defendant MIGUEL TAPIA is an individual who is also known as "DJ Plebito" and who has his principal business address in Woodburn, Oregon. Defendant MIGUEL TAPIA is engaged in the business of providing karaoke entertainment, and he

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

conducts his business activities at "Rumors Bar & Grill" and upon information and belief, at other multiple venues in this State.

25. Defendants KEVIN AND KIM KELLER upon information and belief, are a married couple and who does business as "The Keller Kennection" and have their principal business address in Beaverton, Oregon. Defendants KEVIN AND KIM KELLER are engaged in the business of providing karaoke entertainment, and they conducts their business activities at "Pyzanos Lounge & Grill" and upon information and belief, at other multiple venues in this State.

26. Defendant MITCH BROWN is an individual who does business as "Star Entertainment" and who has his principal business address in Tualatin, Oregon. Defendant MITCH BROWN is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "Malones Ale House" and upon information and belief, at other multiple venues in this State.

27. Defendant BOBBY BROWN is an individual who does business as "Star Entertainment" and is owner and operator of "Star Entertainment." Defendant BOBBY BROWN has his principal business address in Tualatin, Oregon. Defendant BOBBY BROWN is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "Pub 181" and upon information and belief, at other multiple venues in this State.

28. Defendant DANNY CHAVEZ is an individual who does business as "Danny Chavez Karaoke Show" and who has his principal business address in Portland, Oregon. Defendant DANNY CHAVEZ is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "The Spare Room" and "The

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

New Phoenix Casino" and upon information and belief, at other multiple venues in this State.

29. Defendants ERIC AND ROXANNE KLINGLER, upon information and belief, are a married couple and who do business as "RoxxStar Karaoke & Entertainment" and have their principal place of business in Portland, Oregon. Defendants ERIC AND ROXANNE KLINGLER are engaged in the business of providing karaoke entertainment, and they conduct their business activities in Oregon at "Katie's Backyard" and upon information and belief, at other multiple venues in this State.

30. Defendant MARTIN SIMPSON is an individual who has his principal business address in Portland, Oregon. Defendant MARTIN SIMPSON is engaged in the business of providing karaoke entertainment, and he conducts his business activities at "Cedarville Inn" and upon information and belief, at other multiple venues in this State.

## BACKGROUND FACTS

31. The term "karaoke" means "empty orchestra" in Japanese. Karaoke entertainment has grown into a multi-million dollar business in the United States.

32. Karaoke compact disc plus graphics or MP3 plus graphics recordings contain re-created arrangements of popular songs for use as "accompaniment tracks."

33. Typically, the lead vocal tracks in an accompaniment track are omitted so that a karaoke participant can sing along, as though he or she were the lead singer. In other situations, the lead vocal track by a sound-alike artist might be included, and some formats allow the lead vocal to be selectively muted upon playback so that the accompaniment track may be listened to either with or without the lead vocals.

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

34. The "graphics" portion of a karaoke recording refers to the encoding of the recording with data to provide a contemporaneous video display of the lyrics to the song, in order to aid the performer.

35. This graphics data is also utilized to mark the accompaniment tracks with the Sound Choice trademarks and to cause the Sound Choice trademarks to be displayed upon playback.

36. Entertainers who provide karaoke services in bars, restaurants, and other venues are known as karaoke jockeys ("KJs"), karaoke hosts, or karaoke operators. The services provided by KJs typically include providing the karaoke music and equipment for playback, entertaining the assembled crowd for warm-up purposes, and organizing the karaoke show by controlling access to the stage, setting the order of performance, and operating the karaoke equipment.

37. Typically, a KJ will maintain a printed catalog of songs available for performance in order to aid participants in selecting a song to sing.

38. Legitimate KJs purchase equipment and purchase or license compact discs containing accompaniment tracks and charge for the above-mentioned karaoke services.

39. Many KJs, such as some of the present Defendants, obtain, copy, share, distribute and/or sell media-shifted copies of the accompaniment tracks via pre-loaded hard drives, USB drives, CD-R's, or the Internet.

40. Some KJs copy the accompaniment tracks from compact discs to computer hard drives or other media, an activity known as "media-shifting."

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

41. In many cases, media-shifting also involves converting the compact disc files to a different format, such as from CD+G format to MP3G format or WAV+G format; this is referred to as "format-shifting."

42. Both media-shifting and format-shifting involve the creation of copies of the original materials stored on the compact discs.

43. Upon information and belief, and based upon investigation of their activities, the present Defendants are in possession of unauthorized media-shifted and format-shifted copies of karaoke accompaniment tracks which have been marked falsely with SLEP-TONE's federally registered trademarks.

44. Upon information and belief, and based upon investigation of their activities, Defendants STEPHAN AND SUZANNE KMETOVA and MIKE KUNZE have sold and continue to offer for sale computer hard drives containing unauthorized media-shifted and format-shifted copies of SLEP-TONE's accompaniment tracks bearing the Sound Choice Marks.

45. SLEP-TONE does not authorize media-shifting or format-shifting of its accompaniment tracks for any commercial purpose. SLEP-TONE does, however, tolerate media-shifting and format-shifting under very specific conditions.

46. SLEP-TONE's conditions for tolerance of media-shifting and format-shifting include, without limitation, that (a) that each media-shifted or format-shifted track must have originated from an original, authentic compact disc; (b) that the tracks from the original, authentic compact disc be shifted to one, and only one, alternative medium at a time; (c) that the KJ maintain ownership and possession of the original, authentic compact disc for the entire time that the media-shifted or format-shifted tracks are in

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

existence; (d) that the original, authentic compact disc not be used for any commercial purpose while its content has been shifted; and (e) that the KJ notify SLEP-TONE that he or she intends to conduct or has conducted a media-shift or format-shift, and submits to a verification of adherence to SLEP-TONE's policy.

47. Media-shifting or format-shifting that occurs outside the conditions of tolerance described above is entirely without authorization or tolerance.

48. Each of the Defendants has used media-shifted and/or format-shifted karaoke accompaniment tracks marked with the SLEP-TONE's registered trademarks for commercial purposes.

49. Without exception, the Defendants' media-shifting activities have been undertaken outside the conditions of tolerance described above.

50. A karaoke accompaniment track that exists outside the conditions of tolerance described above and that has been marked with SLEP-TONE's federally registered trademarks is a counterfeit.

51. SLEP-TONE and its affiliated companies pay statutory and negotiated royalties to the owners of copyright in the underlying musical works for their activities in legitimately creating, copying, distributing, and selling compact discs containing karaoke accompaniment tracks.

52. Those persons, including the Defendants, who illegitimately obtain, copy, share, distribute, and/or sell media-shifted copies of the Plaintiff's accompaniment tracks do not pay royalties to the owners of copyright in the underlying musical works.

53. SLEP-TONE and its affiliated companies have spent millions of dollars building and maintaining studios, hiring artists, building a distribution facility, paying royalties to

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

copyright owners, building a company that is capable of reliably producing high-quality karaoke versions of current and historical musical hits, and building a brand that is one of the pre-eminent brands in the industry.

54. The widespread creation, distribution, and commercial use of counterfeit copies of SLEP-TONE's karaoke discs, including by these Defendants, has denied SLEP-TONE the benefit of its investments.

55. These counterfeits include SLEP-TONE's registered trademarks, such that to the consumers of the illegitimate KJs' services, the counterfeits are virtually indistinguishable from genuine Sound Choice materials.

56. For each of the several recent releases of new karaoke music by SLEP¬TONE, dozens of illegitimate copies of the contents of the disc have been created, on average, for each legitimate copy sold.  SLEP-TONE, its affiliated companies, and its licensors have lost a considerable amount of money due to this widespread piracy.

57. Such widespread illegal copying of music has been made possible by improving and ever cheaper computer technology and memory devices and the easy distribution of digital content over the internet.

58. Widespread pirating of songs has contributed to the loss of more than sixty-five jobs at the Plaintiff's location in Charlotte, North Carolina, as well as several consecutive years of operating losses, as revenues do not cover fixed costs.

59. Legitimate KJs spend thousands of dollars acquiring SLEP-TONE's accompaniment tracks, an irreducible overhead cost that must be recovered over a significant number of engagements.

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

60. Illegitimate KJs, including these Defendants, have an unfair advantage over legitimate KJs, because the illegitimate KJs are able to provide karaoke services with a considerably lower overhead cost and significantly more songs through the pirating of SLEP-TONE's tracks.

61. Piracy therefore unfairly increases the profits of illegitimate KJs and unfairly decreases the profits of legitimate KJs, a condition that pressures legitimate KJs to either commit piracy instead of doing business with SLEP-TONE and other karaoke music producers or lose their shows to KJs offering more songs at cheaper prices to the same venues.

62. Because of piracy, it is nearly impossible for legitimate KJs to compete against illegal KJs, who are able to provide less expensive karaoke services and a greater number of tracks due to their lower overhead costs.

63. Even when illegitimate KJs have been forced through legal action or agreement to destroy their counterfeit copies of the Plaintiff's tracks, the illegitimate KJs continue to engage in unfair competition using pirated materials belonging to other manufacturers.

64. This unfair competition harms the Plaintiff, despite the elimination of counterfeit copies of the Plaintiff's tracks, because the continuing piracy of other manufacturers' tracks exerts continuing pressure upon the Plaintiff's customers and potential customers to commit piracy of Plaintiff's tracks.  Further the greater number of tracks on pirate systems makes it more difficult for legal hosts to get hired and thus have the revenue to purchase Plaintiff's products.

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

65. In order to build a large library of SLEP-TONE's accompaniment tracks, a legitimate KJ could expect to spend approximately $25,000 for each karaoke system upon which that library would be used. For a comprehensive library of SLEP-TONE's accompaniment tracks, that figure would rise to $40,000 or more.

## THE RIGHTS OF THE PLAINTIFF

66. Plaintiff SLEP-TONE is the owner of U.S. Trademark Registration No. 1,923,448 for the trademark SOUND CHOICE.

67. Plaintiff SLEP-TONE is also the owner of U.S. Trademark Registration No. 2,000,725, for a display trademark as follows:



68. Plaintiff SLEP-TONE has, for the entire time its marks ("the Sound Choice Marks") have been federally registered, provided the public, including the Defendants, with notice of its federal registrations through the consistent display of the symbol ® with its marks as used.

## INVESTIGATION OF THE DEFENDANTS' ACTIVITIES

69. Each of the Defendants has possessed, used, or authorized or benefited from the use and display of unauthorized counterfeit goods bearing the Sound Choice Marks, or has provided, advertised, or authorized or benefited from the provision of services in connection with the Sound Choice Marks.

COMPLAINT – Page 17

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

70. Upon information and belief, each of those karaoke systems has a library containing more than 8,500 tracks stored thereon, to facilitate their use simultaneously at separate venues or events.

71. Based upon the popularity of SLEP-TONE's music and the size of the Defendants' respective libraries, which vary between 8,500 and 155,000 songs, operating in many cases with multiple karaoke systems, the Plaintiff has a good-faith belief that discovery will show that each of the Defendants (a) is in possession of unauthorized counterfeit goods bearing the Sound Choice Marks, or (b) knowingly benefits from and has the capacity to control the infringing conduct of others.

72. Each of the Defendants is accused of committing acts of infringement, unfair competition, and deceptive and unfair trade practices in substantially the same way, namely, through the use of counterfeit karaoke tracks to perform karaoke-related services.

73. Though created through unauthorized duplication, the counterfeit karaoke tracks obtained or made by the Defendants all originated, directly or indirectly in an unbroken sequence, from the same ultimate source, namely, from compact discs sold by the Plaintiff and made from master recordings belonging to the Plaintiff.

74. As such, the Plaintiff's right to relief, as stated in the paragraphs below, ultimately arises out of the same series of transactions and occurrences.

75. This action raises substantial questions of law and fact common to all of the defendants hereto.

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT

76. Plaintiff SLEP-TONE realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein, and incorporates them herein by reference.

77. Each of the Defendants used, or authorized or directly benefited from the use of, a reproduction, counterfeit, or copy of the Sound Choice Marks in connection with the provision of services including karaoke services, by manufacturing or acquiring the reproduction, counterfeit, or copy of the Sound Choice Marks and by displaying the reproduction, counterfeit, or copy of the Sound Choice Marks during the provision of those services.

78. The Defendants' use of the Sound Choice Marks was "in commerce" within the meaning of the Trademark Act of 1946 as amended.

79. Plaintiff SLEP-TONE did not license any of the Defendants to manufacture or acquire reproductions, counterfeits, or copies, or to use the Sound Choice Marks in connection with the provision of their services.

80. The Defendants' use of the Sound Choice Marks is likely to cause confusion, or to cause mistake, or to deceive the Defendants' customers and patrons into believing that the Defendants' services are being provided with the authorization of the Plaintiff and that the Defendants music libraries contain bona fide Sound Choice accompaniment tracks.

81. The acts of each of the Defendants were willful.

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

82. Unless enjoined by the Court, the Defendants' infringing activities as described above will continue unabated and will continue to cause harm to the Plaintiff.

**SECOND CLAIM FOR RELIEF**
**UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

83. Plaintiff SLEP-TONE realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein, and incorporates them herein by reference.

84. On each occasion when they caused a SLEP-TONE accompaniment track to be played during a karaoke show, the Defendants displayed the Sound Choice Marks in connection with the Defendants' karaoke services.

85. The display of the Sound Choice Marks is likely to cause confusion, or to cause mistake, or to deceive those present during the display, in that those present are likely to be deceived into believing, falsely, that SLEP-TONE sponsored or approved the Defendants' services and commercial activities.

86. The display of the Sound Choice Marks is also likely to cause confusion, or to cause mistake, or to deceive those present during the display, in that those present are likely to be deceived into believing, falsely, that the works being performed were sold by SLEP-TONE and purchased by the Defendants.

87. The Defendants' use of the Sound Choice Marks in this fashion would have inured to the benefit of the Plaintiff if the Defendants had legitimately acquired genuine Sound Choice discs instead of counterfeiting them or acquiring the counterfeit goods, in that the Plaintiff would have received revenue from such sales.

88. Because SLEP-TONE has been denied this revenue, it has been damaged by the Defendants' uses.

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

89. Unless enjoined by the Court, the Defendants' unfair competition activities as described above will continue unabated and will continue to cause harm to the Plaintiff.

**THIRD CLAIM FOR RELIEF**
**UNDER THE OREGON STATE UNLAWFUL TRADE PRACTICES ACT**

90. Plaintiff SLEP-TONE realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein, and incorporates them herein by reference.

91. Each Defendant has engaged in acts of infringement of the Sound Choice Marks, in derogation of SLEP-TONE's common-law and statutory rights in those marks.

92. Each Defendant's acts of infringement occurred during the conduct of trade or commerce.

93. Each Defendant's acts of infringement constitute unlawful trade practices within the meaning of ORS 646.605 *et seq*. and particularly violation the provisions of ORS 646.608(a), (b), (c), (e), and (ooo).

94. As a direct and proximate result of each Defendant's acts of infringement, SLEP-TONE has suffered a pecuniary loss, to wit:  the loss of revenue associated with sales or distribution of compact discs to karaoke jockeys, commensurate with the demand for the contents of those discs, which revenue would have been received but for the Defendants' acts in creating or acquiring counterfeits of SLEP-TONE's accompaniment tracks.

95. As such, SLEP-TONE has suffered ascertainable loss of money or property within the meaning of ORS 646.638.

COMPLAINT – Page 21

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SLEP-TONE prays for judgment against each of the Defendants severally and that the Court:

A. Find that each of the Defendants has committed acts of infringement, including but not limited to counterfeiting, of the federally registered Sound Choice Marks;

B. Find that each of the Defendants has engaged in unfair competition against Plaintiff SLEP-TONE in violation of 15 U.S.C. § 1125(a).

C. Find that each of the Defendants has committed unfair and deceptive trade practices under Washington law and in violation of the Washington State Consumer Protection Act;

D. Enter judgment against each of the Defendants and in favor of SLEP-TONE;

E. Find the that Defendants' activities were in all respects conducted willfully and for profit;

F. Award to SLEP-TONE the Defendants' profits and the damages sustained by SLEP-TONE because of the Defendants' conduct in infringing the Sound Choice Marks, or, in the alternative, statutory damages per trademark infringed by counterfeiting in an amount up to two million dollars per mark infringed, per Defendant;

G. Award to SLEP-TONE the Defendants' profits and the damages sustained by SLEP-TONE because of the Defendants' acts of unfair competition under 15 U.S.C. § 1125(a).

H. Award to SLEP-TONE treble, punitive, or otherwise enhanced damages, as available, for the Defendants' acts of willful infringement;

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326

I.  Award to SLEP-TONE its actual damages caused by the Defendants' deceptive and unfair trade practices, trebled as provided in RCW 19.86.090, plus its attorney's fees and court costs as provided in RCW 19.86.090.

J.  Order the seizure and destruction of all computer disks, drives, or other media belonging to any of the Defendants, which media contain illegal counterfeits of registered trademarks;

K.  Grant SLEP-TONE preliminary and permanent injunctive relief against further infringement of the Sound Choice Marks by the Defendants;

L.  Award SLEP-TONE its costs of suit and attorney's fees, to the extent not awarded above; and

M.  Grant SLEP-TONE such other and further relief as justice may require.

DATED this 5th day of October 2011.

LADENBURG LAW, PLLC

By ___ s/ R. Randall Harrison

R. RANDALL HARRISON, OSBA #794794
LADENBURG LAW, PLLC
1010 Pacific Ave Ste 1116
Tacoma WA 98402
Ph: 253-272-5226
Fx: 253-295-2326
e-mail: randy@ladenburglaw.com
Attorney for Plaintiff

LADENBURG
LAW, PLLC
Attorneys At law

1019 Pacific Ave. Suite 1116
Tacoma, Washington 98402
Phone: (253) 272-5226
Facsimile: (253) 295-2326